IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| **NASTASSIE MORRISON and CHERIE NICOLE HARRIS,** | : | **Civil Action Number:** |
| **Plaintiffs,** | : | 8:17cv1535T26 AAS |
| **vs.** | : | |
| **ABUNDANT LIFE HOME HEALTH AGENCY, LLC, a Florida Limited Liability Corporation and NELY NIDA VILLAVICENCIO, an individual.** | : | |
| **Defendants** | / | |

## COMPLAINT

Plaintiffs, Nastassie Morrison and Cherie Nicole Harris ("Plaintiffs"), by their attorney, bring this Complaint against Defendant Abundant Life Home Health Agency, LLC and Nely Nida Villavicencio ("Abundant Life" or "Defendants") and shows the Court as follows:

## INTRODUCTION

1. Plaintiffs were employed by Defendants and bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219 inclusive to recover due but unpaid overtime compensation plus an additional like amount as liquidated damages and to be reimbursed their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA 29 U.S.C. §§ 201-219, 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.





3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4. At all times material hereto, Plaintiffs resided in Pinellas County, Florida.

5. Defendants employed Plaintiffs as Licensed Practical Nurses ("LPN's) from September 2015 until May, 2016.

6. At all times material hereto, Plaintiffs were "employees" of Defendants as defined in the FLSA, 29 U.S.C. § 203(e).

7. From on or about September 2015 through May 2016, Plaintiffs were "engaged in commerce" as employees of Defendants as defined in the FLSA, 29 U.S.C. § 207(a)(1).

8. Defendant Abundant Life Home Health Agency, Inc. is a Florida limited liability corporation organized under the laws of the State of Florida with an office and place of business in Pinellas County, Florida and an employer within the meaning of FLSA 29 U.S.C. §203(a).

9. Defendant Nely Nida Villavicencio, was at all relevant times the President of the corporate defendant, a resident of Pinellas County, Florida and an "employer" within the meaning of FLSA 29 U.S.C. §203(a).

10. From on or about September 2015 through May 2016, Abundant Life was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 207(a)(1).

11. During 2015 and 2016, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12. During 2015 and 2016, Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

13. During 2015 and 2016, Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A), including computers, telephones and office supplies.

14. During 2015 and 2016, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. At all times material hereto, Defendant Abundant Life was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, 29 U.S.C. § 203(s)(1).

16. Defendants are subject to the personal jurisdiction of this Court.

17. At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

18. As a matter of economic reality, Plaintiffs were employees of Defendants.

19. At all times material hereto, Defendants required Plaintiffs to comply with their instructions about when, where and how they were to perform their duties and reserved to itself the right to control how they achieved their work results.

20. At all times material hereto, Plaintiffs' services were integrated into Defendants' business operations and were important to the success and continuation of Defendants' business.

21. At all times material hereto, Defendants did not permit Plaintiffs to hire, supervise or pay employees of her own to perform any of the services they provided to Defendants.

22. At all times material hereto, Defendants set the hours and schedules which Plaintiffs were required to work.

23. At all times material hereto, Defendants required Plaintiffs to work on a full time basis for Defendants.

24. At all times material hereto, Defendants provided Plaintiffs with daily work assignments.

25. At all times material hereto, Defendants compensated Plaintiffs for their work via an hourly wage.

26. At all times material hereto, Plaintiffs did not make or maintain a significant investment in any of the facilities or equipment that they used in performing their work for Defendants.

27. At all times material hereto, Plaintiffs were not able to earn any profit or suffer any loss other than by earning hourly wages for the time they worked for Defendants.

28. At all times material hereto, Plaintiffs made their services available exclusively to Defendants and not to the general public.

29. At all times material hereto, Defendants recognized Plaintiffs' right to resign their employment at will and Defendants' right to terminate their employment at will.

30. At all times material hereto, Defendants classified Plaintiffs as independent contractors.

31. At all times material hereto, Defendants misclassified Plaintiffs as independent contractors.

32. At all times material hereto, Defendants willfully misclassified Plaintiffs as independent contractors.

## COUNT I - FAILURE TO PAY OVERTIME

33. The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

34. At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA 29 U.S.C. § 207(a). During their employment with Defendants, Plaintiffs regularly worked in excess of forty (40) hours each week.

35. Defendants failed to pay Plaintiffs at one and one-half times their regular rate for work in excess of forty (40) hours in any week from September 2015 through May 2016.

36. Defendants willfully failed to pay Plaintiffs at one and one-half times their regular rate for work in excess of forty (40) hours in any week from September 2015 through May 2016.

37. Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA, 29 U.S.C. § 216(b).

38. Because of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA 29 U.S.C. § 216(b).

39. Because of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with FLSA 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs pray for the following relief:

1. An amount to be determined at trial against Defendants, jointly and severally, in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages.

2. An award of prejudgment and post-judgement interest;

3. An award of the costs of litigation, including reasonable attorney's and expert fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

June 12, 2017

Respectfully submitted,

Constantine W. Papas, Esq.
Florida Bar No. 0089974
**Law Office of Constantine W. Papas, P.A.**
1277 N. Semoran Blvd., Ste. 106
Orlando, FL 32807
Tel. No. (407) 347-6502
Fax. No. (407) 206-3655
E-mail: cwp@deanpapaslaw.com
Attorney for Plaintiffs